UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARLIN ALCIDES YANEZ,

-vs-

Case No.  8:03-cr-459-T-17TBM
8:05-cv-256-T-17TBM

UNITED STATES OF AMERICA.

_____

### ORDER

This cause is before the Court on Defendant Yanez's motion to vacate, set aside,

or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  Doc. cv-1; cr-155.

BACKGROUND

On December 3, 2003, a federal grand jury for the Middle District of Florida, Tampa

Division, returned a superseding indictment charging Yanez and four other individuals.

Doc. cr-25. Count one of the superseding indictment charged that, "while onboard a vessel

subject to the jurisdiction of the United States, the defendants did knowingly and willfully

conspire to possess with intent to distribute five kilograms or more of cocaine, in violation

of 46 U.S.C. app. § 1903(a),(g) and (j) and 21 U.S.C. § 960(b)(1)(B)(ii). Count Two charged

that, "while on board a vessel subject to the jurisdiction of the United States, the

defendants did knowingly and intentionally possess with intent to distribute five kilograms

or more of cocaine, in violation of 46 U.S.C. app. § 1903(a) and (g), 21 U.S.C. §

960(b)(1)(B)(ii), and 18 U.S.C. § 2.

On March 25, 2004, Yanez pled guilty to Counts I and II of the Superseding

Indictment. Doc. cr-51. This Court accepted the guilty plea and adjudicated Yanez guilty

of the offenses on April 28, 2004. Doc. cr-62. In preparation for sentencing, a Presentence Investigation Report (PSR) was prepared. The PSR calculated Yanez's offense level to be 33 and his criminal history category to be I, yielding a guideline imprisonment range of 135 -168 months. PSR ¶ 61.

On June 18, 2004, this Court sentenced Yanez to 108 months' imprisonment as to Counts One and Two, to be followed by a term of 60 months' supervised release. The fine was waived but Yanez was ordered to pay a special assessment in the amount of $200. Doc. cr-76 (Judgment). Yanez did not appeal his conviction.

On February 8, 2005, Yanez timely filed a Motion to Vacate under 28 U.S.C. Section 2255 together with a memorandum of law raising three grounds for relief: 1. Yanez claims that the District Court lacked jurisdiction to impose a sentence on facts not proven to the jury beyond a reasonable doubt. Yanez bases his argument on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). This claim is barred due to procedural default. 2. As Ground Two, Yanez claims that the District Court lacked jurisdiction to impose a sentence on facts not proven to the jury beyond a reasonable doubt. Yanez cites Blakely v. Washington, 124 S.Ct. 2531 (2004) as his argument. This claim is also barred due to procedural default. 3. As Ground Three, Yanez claims that his plea was not made voluntarily, knowing or intelligently. In addition to being procedurally barred, Yanez's allegation lacks merit

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Yanez's motion to vacate must be denied.

-2-

GROUNDS ONE AND TWO

Yanez is not entitled to relief on his claim that the District Court lacked jurisdiction to impose a sentence on facts not proven to the jury beyond a reasonable doubt in violation of both Apprendi and Blakely. The drug quantity attributable to Yanez was not submitted to the jury for finding beyond a reasonable doubt because Yanez voluntarily pled guilty. On March 25, 2004, Yanez pled guilty to Counts One and Two of the Superseding Indictment before Magistrate Judge Thomas B. McCoun.

Yanez pled guilty without signing a formal plea agreement. Prior to sentencing, a Presentence Investigation Report (PSI) was prepared. The PSI calculated Yanez's offense level to be 33 and his criminal history category to be I, yielding a guideline imprisonment range 135 -168 months. PSI ¶ 61. Yanez's counsel filed objections to the PSI. Additionally, Yanez's counsel reserved his right to argue at sentencing any and all objections to the factual and legal findings in the report.

On June 18, 2004, Yanez appeared before Honorable Judge Elizabeth A. Kovachevich for sentencing. At that time, Yanez withdrew the objections to the PSI that had been filed by his counsel. The government agreed to two-level reduction for substantial assistance pursuant to USSG § 5K1.1 and a sentence at the low end of the guideline range. A thorough review of the sentencing transcript reveals the following:

> THE COURT: All right. Now, I'll try one more time. Mr. Yanez, have you had an opportunity to discuss the presentence report dated May 5, 2004, with your attorney Mr. Daly with the corrections noted in the presentence report that we made a few moments ago?
>
> DEFENDANT: Yes.

THE COURT: And you are waiving your right to the objections that have previously been filed by Mr. Daly, correct?

DEFENDANT: Yes.

THE COURT: All right. Defendant withdraws those objections. Okay. Do you have any objections to the presentence report - - or back up. You have the presentence report dated May 5, 2004; correct, Miss Peluso.

MS. PELUSO: Yes, I have, your Honor.

THE COURT: And you have read it; correct, Mr. Daly?

MR. DALY: I have.

THE COURT: And there are no objections that have been filed now? All previous objections by the defendant are withdrawn, is that your understanding, Ms. Peluso?

MS. PELUSO: Yes, Your Honor.

THE COURT: And yours, Mr. Daly; correct?

MR. DALY: That's correct.

THE COURT: All right. Are there any other objections either in the addendum, which has been withdrawn, or anywhere else in the presentence report that we have not already corrected? Any others by you, Mr. Daly?

MR. DALY: No, Your Honor.

THE COURT: All right. The Court adopts the undisputed factual statement and guidelines application contained in the presentence report. The Court determines that the applicable guidelines are - - and this is where we start: Total offense level 33; criminal history category Roman I, 135 to 168 months imprisonment; three to five years supervised release; no restitution; 17,500 to $8 million fine; $200 special assessment.

Doc. cr-161 at 12-13.

Moreover, even though Yanez was subject to a statutory mandatory sentence of ten years imprisonment as to Count One, and ten years imprisonment as to Count Two, this

-4-

Court sentenced him pursuant to the sentencing guidelines below his guideline range. PSR ¶ 60. Therefore, Yanez's sentence contains no <u>Apprendi</u> error and his argument is baseless. <u>See Sanchez</u>, 269 F.3d at 1268-69 (citing <u>United States v. Le</u>, 256 F.3d 1229, 1240 (11th Cir. 2001); <u>United States v. Gallego</u>, 247 F.3d 1191, 1197 (11th Cir. 2001); <u>United States v. Gerrow</u>, 232 F.3d 831, 834 (11th Cir. 2000), <u>cert. denied</u>, 122 S. Ct. 75 (Oct. 1, 2001)).

As Ground Two, Yanez challenges his sentence under <u>Blakely</u>. Yanez claims that this Court should not have enhanced his applicable sentencing guidelines at the time of sentencing. The record reveals that Yanez received a sentence below his sentencing guideline range based on a criminal category of 33 and an offense conduct of I. PSR ¶ 61; Doc. cr-161 at 34. Yanez is not entitled to relief on this ground because the <u>Blakely</u> rule is not retroactively applicable on collateral review.

Even if the rule were retroactively applicable, Yanez has procedurally defaulted his claim and Yanez cannot establish either cause or actual prejudice to excuse the procedural default. <u>Blakely</u> claims are barred by the non-retroactivity standards set forth in <u>Teague v. Lane</u>, 489 U.S. 2988 (1989). Although the question whether <u>Blakely</u> applied to the Sentencing Guidelines has been decided by <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), nothing in <u>Booker</u> makes <u>Blakely</u>'s Sixth Amendment holding retroactive.

Indeed, the Seventh Circuit held that <u>Booker</u> does not apply retroactively to criminal cases that became final before its release on January 12, 2005. <u>United States v. McReynolds</u>, 2005 WL 237462 (7th Cir. 2005). The Eleventh Circuit just recently held that the <u>Blakely</u> (now <u>Booker</u>) rule falls squarely under the category of new rules of criminal

procedure that do not apply retroactively to § 2255 cases on collateral review. <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005).

This Court sentenced Yanez in a proceeding that was entirely consistent with the law in existence at the time. Yanez's conviction then became final on June 28, 2004, long before the Supreme Court announced its decision in <u>Booker</u> on January 12, 2005. Because the <u>Blakely</u> rule is not retroactively applicable to defendant's sentence, this Court need proceed no further to deny defendant's <u>Blakely</u> claim. But, even if the <u>Blakely</u> rule were retroactively applicable, Yanez still would not be entitled to relief because he has procedurally defaulted his claim.

Ground Three

Yanez claims that, "he did not make, nor was he given an opportunity to make, a knowing fully informed plea or to meaningfully engage in the plea bargaining process regarding this uncharged, untried conduct." Doc. cv-2. A review of the record reveals that Yanez's allegation lacks merit.

On March 24, 2005, Yanez appeared before Magistrate Judge Thomas B. McCoun in order to enter a plea of guilty. Doc. cr-51. On that date, the following colloquy took place:

> THE COURT: If you went to trial, your lawyers could assist you. They could cross-examine all of the government witnesses. They could try to keep out any evidence that they didn't think was admissible. While no one could make you be a witness if you didn't choose to be, the law allows that you could take the witness stand and tell your side of the story. You could call other witnesses to assist. Your lawyer could subpoena other witnesses if they had favorable testimony and make them testify at such a trial. The allegations in this case are that the weight involved - - the weight of the cocaine involved was in excess of five kilograms of cocaine. You would have the right to challenge that part of the allegation as well. In fact, the government could not obtain the maximum punishment in this case, unless

-6-

it proved that beyond a reasonable doubt. Now, basically I'm explaining these rights to you because I want you to understand the full consequences of pleading guilty. By pleading guilty, you're not just admitting these criminal charges. But you are, in effect, giving up or waiving all of these rights that I've just outlined for you. Basically, you're not going to contest the charges, either one of them. And in a few months, you're going to be brought back for sentencing. Do you understand that, Mr. Yanez?

DEFENDANT: Yes, Your Honor.

THE COURT: Your lawyers have announced that this is a straight up plea. This means that there have been no formal agreements reached. I still need to ask you about that.

Mr. Yanez, has anyone promised you anything in order to get you to enter your plea in this case?

DEFENDANT: No.

THE COURT: Has anybody told you a particular sentence you were going to get?

DEFENDANT: No.

. . .

THE COURT: Anybody threaten you in any way or do you feel like you're being forced or coerced in any way into pleading guilty?

DEFENDANT: No.

THE COURT: You have been represented by Mr. Daly in these proceedings. Do you have any complaints about anything he has done in your behalf?

DEFENDANT: No.

. . .

THE COURT: If you and your lawyers have made your own calculations about the guidelines, that's entirely appropriate. But I want you to understand that on sentencing day, the judge will make her own calculations that will count. In other words, you will be sentenced according to her calculations, not yours.

-7-

. . .

THE COURT: Do you understand these things about sentencing?

DEFENDANT: Yes.

Doc. cr-110 at 14-19 (Change of Plea transcript).

It is clear from the plea colloquy that Yanez clearly understood the significance of pleading guilty. Yanez has failed in his contention that his plea was not entered voluntarily, knowingly and intelligently. Additionally, Yanez has failed to show cause why he did not raise this issue on direct appeal. Therefore, Yanez is entitled to no relief because he has procedurally defaulted his claim.

Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v. Frady, 456 U.S. 152, 166 (1982); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 122 S.Ct. 2362 (2003). When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error to excuse both defaults. McCoy, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, a Yanez must show "some external impediment preventing counsel from constructing or raising the claim." See High v. Head, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To establish prejudice, Yanez must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." See Wright v. Hopper, 169 F.3d

-8-

695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. See Frady, 456 U.S. at 164. The futility of raising a claim does not constitute sufficient cause to excuse the default. Bousley, 523 U.S. at 623; Jones v. United States, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

Yanez cannot meet this burden. The manner in which the probation officer calculated the sentencing guideline range was information that was available to him before his sentencing proceeding, and Yanez has not alleged any reason to excuse his failure to raise this claim on direct appeal. Moreover, because this Court was entitled to sentence Yanez based on the applicable sentencing guideline range, Yanez cannot establish any prejudice. See United States v. Nosrati-Shamloo, 255 F.3d 1290, 1291 (11th Cir. 2001) (defendant sentenced under USSG §2F1.1 is subject to an offense level increase based on the greater of: (1) the actual loss associated with a crime; or (2) the intended loss); United States v. Dominguez, 109 F.3d 675, 676 (11th Cir. 1997)(sentencing court's valuation of loss "need not be made 'with precision,'" and "its reasonable estimate of the intended loss will be upheld on appeal.")(internal citations omitted).

Accordingly, the Court orders:

That Yanez's motion to vacate (Doc. cv-1; cr-155) is denied. The Clerk is directed to enter judgment against Yanez in the civil case and to close that case.

ORDERED in Tampa, Florida, on _APRIL 19th_, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Kathy Peluso; Pro Se Litigant: Marlin Alcides Yanez

-9-